UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | | |
|---|---|---|
| CURTIS FULLER #211080, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 2:08-cv-298 |
| | ) | |
| v. | ) | HON. R. ALLAN EDGAR |
| | ) | |
| GERALD HOFBAUER, | ) | |
| | ) | **OPINION** |
| Respondent. | ) | |
| _____ | ) | |

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner's action is properly dismissed for lack of merit.

**Discussion**

I.   Factual allegations

Petitioner Curtis Fuller #211080 filed a civil action against Glenda G. Gordon in the Marquette County Circuit Court which was dismissed for failure to serve the Defendant. Petitioner's appeal to the Michigan Court of Appeals was dismissed for failure to provide the necessary copies and his appeal to the Michigan Supreme Court was dismissed as untimely. Petitioner seeks an order remanding the case back to the Marquette County Circuit Court and ordering service on Glenda G. Gordon.

II.   Analysis

This Court lacks subject matter jurisdiction over Petitioner's claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Even constitutional claims which are inextricably intertwined with the state court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.1998)) (other internal citations omitted); *see also Johnson v.*

*De Grandy*, 512 U.S. 997, 1005-06 (1994) (under the *Rooker- Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."); *Tropf v. Fid. Nat'l Title Ins. Co.*, 289 F.3d 929, 937 (6th Cir. 2002); *Anderson v. Charter Township of Ypsilanti*, 266 F.3d 487, 492-93 (6th Cir. 2001); *Patmon*, 224 F.3d at 506-07. A defendant who loses in state court and then sues in federal court is asserting injury at the hands of the state court and his federal suit is making an impermissible attempt to obtain federal collateral review. *Garry v. Gels*, 82 F.3d 1362, 1367-68 (7th Cir.1996); *Stewart v. Fleet Financial Group*, No. 96-2146, 129 F.3d 1265, 1997 WL 705219, *1 (6th Cir. Nov. 4, 1997).

Petitioner's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Michigan state courts. *Peterson Novelties*, 305 F.3d at 390. Indeed, the Sixth Circuit previously has found that the *Rooker-Feldman* doctrine bars an action challenging the termination of parental rights in state court proceedings because such an action would be an attempted appeal from a state court decision. *See Bodell v. McDonald*, No. 00-5679, 2001 WL 137557, at *2 (6th Cir. Feb. 7, 2001), *cert. denied*, 121 S. Ct. 2595 (2001); *accord Evans v. Yarbrough*. No. 00-3588, 2001 WL 1871701, at *2 (6th Cir. Dec. 13, 2000) (applying *Rooker-Feldman* to bar review of a decision by the state courts regarding parental visitation), *cert. denied*, 121 S. Ct. 1960 (2001). The recourse available to Petitioner in response to adverse state-court decisions was to pursue timely appeals in the Michigan Court of Appeals, thereafter seek leave to appeal to the Michigan Supreme Court, and if necessary apply for a writ of *certiorari* to the United States Supreme Court. *Gottfried*, 142 F.3d at 330

("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments.").

Because the *Rooker - Feldman* doctrine clearly precludes a lower federal court from reviewing state-law decisions, Petitioner's case is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. A claim dismissed the basis of the *Rooker-Feldman* doctrine is legally frivolous. *See Alpern v. Lieb*, 38 F.3d 933, 934 (7th Cir. 1994); *Parker v. Phillips*, No. 01-5325, 2001 WL 1450704 (6th Cir. 2001); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880 (6th Cir. June 22, 1999).

Moreover, habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement. *Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973). Petitioner is not attacking the validity of the fact or length of their confinement. Therefore, his claim is not properly one for habeas corpus relief.

### Conclusion

In light of the foregoing, the court concludes that Petitioner's application should be summarily dismissed pursuant to Rule 4 for lack of merit.

### Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that

an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted.  See *Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Commissioner of Correction of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not find that this Court's dismissal of each of Petitioner's claims was debatable or wrong. As noted above, this Court lacks subject matter jurisdiction over Petitioner's claims. A federal district court has no authority to review final judgments of state court judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir.1998). Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:     1/9/09                                         */s/ R. Allan Edgar*
                                                          R. ALLAN EDGAR
                                                          UNITED STATES DISTRICT JUDGE